NORTON MOORE & ADAMS L.L.P.
William A. Adams, Esq. CSBN. 135035
525 B Street, Suite 1500
San Diego, California 92101
(619) 233-8200
wadams@nmalawfirm.com

Attorney for Defendant:
PFS, LLC dba McDONALD'S #13410

# IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS KOHLER,<br><br>          Plaintiff,<br><br>     v.<br><br>PFS, LLC dba McDONALD'S # 13410;<br>McDONALD'S CORP.,<br><br>          Defendants. | Case No. 10 CV 0364 WQH (AJB)<br><br>**Complaint Filed:     February 16, 2010**<br><br>**DEFENDANT PFS, LLC dba McDONALD'S # 13410'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ISSUANCE OF AN ORDER (1) DECLARING A PARTIAL OR COMPLETE STAY AS TO DISCOVERY RELATED IN ANY WAY TO INJUNCTIVE RELIEF AVAILABLE TO PLAINTIFF ARISING FROM VIOLATION OF THE AMERICANS WITH DISABILITIES ACT; AND (2) DECLARING A COMPLETE STAY AS TO MOTIONS RELATED IN ANY WAY TO INJUNCTIVE RELIEF AVAILABLE TO PLAINTIFF ARISING FROM VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**<br><br>Judge:    Hon. William Q. Hayes<br>Courtroom: 4<br>Time:    11:00 a.m.<br>Date:    Oct. 18, 2010<br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

/ / /

/ / /

NORTON MOORE & ADAMS LLP
525 B Street, Suite 1500
San Diego, California 92101
Ph: (619) 233-8200
Fax: (619) 231-7595

## SUMMARY OF MOTION

This is a disability discrimination lawsuit filed by Plaintiff Chris Kohler against Defendant PFS and PFS' Co-defendant, McDonald's Corporation. Plaintiff Kohler contends that PFS' McDonald's restaurant located on Balboa Avenue in San Diego contains barriers to the physically disabled which violate the Americans With Disabilities Act ("ADA") and several California anti-discrimination statutes applicable to public accommodations. On the basis of the allegation that barriers interfered with his ability to enjoy the goods and services offered by the subject McDonald's restaurant, Plaintiff Kohler has asserted one federal law count in his Complaint, for violation of the Americans With Disabilities Act, as well as three state law claims, for violation of the California Disabled Persons Act, violation of the California Unruh Act, and violation of various provisions in the California Health & Safety Code.

Subject matter jurisdiction has been conferred on this Court by the "federal question" presented by Plaintiff Kohler's assertion of his first count arising from federal law, that is, his ADA claim.

Monetary damages are not available to Plaintiff Kohler under the ADA. Instead, the only relief available under the ADA is injunctive relief. Although PFS does not concede that its Balboa Avenue restaurant ever presented barriers to the physically disabled that violate federal or state anti-disability discrimination law, PFS has *already* begun remodeling the subject McDonald's restaurant. When that remodeling project is finished, on or about April 1, 2011, it should be undisputed that the subject restaurant will be fully accessible to the disabled and fully compliant with the anti-discrimination provisions in the ADA. Therefore, as of April 1, 2011, there will be no need for any injunctive relief, and Plaintiff Kohler's ADA claim will become moot.

At that time, this Court may choose, if it wishes, to dismiss Plaintiff Kohler's ADA claim, refuse to continue exercising pendent jurisdiction over his remaining state law claims, and order this entire lawsuit dismissed. Plaintiff Kohler, of course, could refile his state law claims in state court.

Because of the likelihood that Plaintiff Kohler's ADA claim will be moot by April 1,

Def. PFS' Mem. Points/Authorities Supporting Motion (1) For Partial or Complete Stay of Discovery; and (2) For Stay of Motions Related to Plaintiff's Purported Entitlement to Injunctive Relief Under the ADA (10-CV-0364-WQH-AJB)

- 2 -

NORTON MOORE & ADAMS LLP
525 B Street, Suite 1500
San Diego, California 92101
Ph: (619) 233-8200
Fax: (619) 231-7595

2011, it makes no sense to allow him to propound any discovery specific to the issue of injunctive relief under the ADA. Therefore, this Court should exercise its inherent right to control litigation before it to maximize judicial efficiency and minimize unnecessary use of judicial resources by issuing an order partially staying all discovery related in any way to injunctive relief available to Plaintiff Kohler for any purported violations by Defendants of the ADA. It would be unnecessarily costly and time-consuming to the parties to allow discovery on a claim that will become moot in six months, once PFS' remodeling project at the subject McDonald's restaurant is finished.

In the alternative, if this Court believes that once PFS' remodeling project is complete (and it is undisputed no barriers to the physically disabled exist at the subject McDonald's restaurant) it might entertain the idea of dismissing this lawsuit in its entirely (and in doing so, refuse to continue exercising pendent jurisdiction over Plaintiff Kohler's state law claims), this Court can and should issue an order now completely staying all discovery in this lawsuit until April 1, 2011. Again, it would be completely impractical and a waste of the parties' time and resources to allow such discovery when this lawsuit may well be dismissed in April, 2011 for lack of subject matter jurisdiction, once the sole federal claim --- the ADA claim --- becomes moot.

Finally, PFS anticipates that Plaintiff Kohler may file a motion for summary judgment/adjudication as to his ADA claim within the next six months in order to obtain a permanent injunction against PFS. Given the strong likelihood that by April 1, 2011 the remodeling of the McDonald's restaurant at issue in this lawsuit will be complete, and the need for an injunctive order requiring PFS to take any further action to ensure that its restaurant is barrier-free will be eliminated, this Court can and should issue a stay now barring any and all dispositive motions by Plaintiff Kohler requesting issuance of such an injunction. Again, there simply is no need for any such motion or order providing injunctive relief.

### THE COMPLAINT'S CORE ALLEGATIONS

In the Complaint, Plaintiff Chris Kohler contends that since 1988, he has been paralyzed from the waist down and periodically uses a wheelchair when traveling. (Court Docket Doc. 1,

Def. PFS' Mem. Points/Authorities Supporting Motion (1) For Partial or Complete Stay of Discovery; and (2) For Stay of Motions Related to Plaintiff's Purported Entitlement to Injunctive Relief Under the ADA (10-CV-0364-WQH-AJB)

- 3 -

NORTON MOORE & ADAMS LLP
525 B Street, Suite 1500
San Diego, California 92101
Ph: (619) 233-8200
Fax: (619) 231-7595

1   Complaint, ¶ 8) Kohler alleges that he is "physically disabled" as defined by all federal and

2   California state statutes applicable to this lawsuit. (Court Docket Doc. 1, Complaint, ¶ 8)

3        Kohler contends that on an unspecified date, he visited the McDonald's restaurant

4   located at 5920 Balboa Avenue in San Diego. (Court Docket Doc. 1, Complaint, ¶ 10) Kohler

5   alleges that when he visited the subject McDonald's restaurant, he encountered barriers

6   preventing physically disabled individuals from being able to fully enjoy the goods and services

7   offered by the McDonald's restaurant. (Court Docket Doc. 1, Complaint, ¶ 10-12) Kohler

8   alleges that Defendants PFS, LLC and McDonald's Corporation (collectively, "Defendants")

9   own and operate the subject McDonald's restaurant. (Court Docket Doc. 1, Complaint, ¶ 7)

10       On the basis of the allegation that his ability to enjoy the goods and services offered by

11   the subject McDonald's restaurant was interfered with and diminished by these alleged barriers,

12   Plaintiff Kohler has asserted four counts or claims in his Complaint, for (1) Violation of the

13   Americans With Disabilities Act; (2) Violation of the California Disabled Persons Act; (3)

14   Violation of the California Unruh Act; and (4) Violation of the California Health & Safety

15   Code. (Court Docket Doc. 1, Complaint)

16                              **LEGAL ARGUMENT**

17   **A. This Court should issue an order declaring a partial stay until April 1, 2011 on all
     discovery related to the issue of whether Plaintiff Kohler is entitled to injunctive
18   relief under the ADA.**

19       The ADA does not allow a prevailing plaintiff to recover monetary damages, but instead,

20   only injunctive relief. *Munson v. Del Taco*, 46 Cal.4th 661, 673 (2009) Consequently, should

21   Plaintiff Kohler eventually demonstrate that Defendants' operation of the subject McDonald's

22   restaurant violated the ADA, Kohler would be entitled, at most, to injunctive relief ordering

23   Defendants to make the subject McDonald's restaurant compliant with the ADA's anti-

24   disability discrimination provisions.

25       However, issuance of injunctive relief is not and will not be necessary in this lawsuit.

26   PFS never received any notices or complaints about access prior to the filing of this lawsuit.

27   (Schmid Decl., ¶ 3) Despite this fact, immediately upon being served with Plaintiff Kohler's

28   Complaint in this lawsuit, PFS began planning and implementing a remodeling project at the

Def. PFS' Mem. Points/Authorities Supporting Motion (1) For Partial or Complete Stay of Discovery; and
(2) For Stay of Motions Related to Plaintiff's Purported Entitlement to Injunctive Relief Under the ADA (10-
CV-0364-WQH-AJB)
- 4

subject McDonald's restaurant, in part to ensure that this restaurant fully complies with all applicable federal and state statutes barring discrimination against the physically disabled, including the ADA. (Schmid Decl., ¶ 3-4)   Shortly thereafter, PFS notified Plaintiff Kohler's attorney of its intent and action to ensure that as soon as possible, it will be undisputed that the subject McDonald's restaurant will be fully compliant with the ADA's anti-discrimination provisions. (Exh. 1, Adams Letter to Hubbard III, dated June 16, 2010)  PFS estimates that its remodeling project will be completed by April 1, 2011. (Schmid Decl., ¶ 4-6)

Assuming that PFS fulfills its commitment to remodel its restaurant to ensure that it is undisputed that full access is provided to the physically disabled, as of about April 1, 2011 any need for this Court to issue a *prospective* injunction against PFS ordering it to bring its Balboa Avenue McDonald's restaurant into compliance with the ADA will have been eliminated. In other words, on or about April 1, 2011 PFS expects that the issue of whether Plaintiff Kohler is entitled to a *prospective* injunction ordering PFS to comply with the ADA at it subject restaurant on Balboa Avenue will be moot. (Schmid Decl., ¶ 4-6)

There are compelling reasons for this Court to accept PFS' representation that as of April 1, 2011 it will be undisputed its Balboa Avenue restaurant is fully compliant with the ADA's anti-disability discrimination provisions.  This Court may recall this particular defendant – PFS – and its attorney, William A. Adams, from a previous lawsuit filed by Kohler's attorney (Lynn Hubbard III), *Wilson v. PFS, LLC, et al.*, Case #3:06-cv-01046-WQH-BLM.  That lawsuit was filed in this Court on May 11, 2006 and was terminated via a dismissal entered on August 22, 2007. (See Adams Decl. ¶ 5; see Exh. 2, this Court's Docket from the *Wilson v. PFS, LLC, et al.* lawsuit)

In the *Wilson* lawsuit, Plaintiff Wilson sued PFS and the McDonald's Corporation for its alleged violation of the ADA, the California Disabled Persons Act, and the California Unruh Act at a different McDonald's restaurant in San Diego. (Adams Decl., ¶ 6) Just as in the case at bar, PFS was the owner of the subject McDonald's restaurant.  (Adams Decl., ¶ 7)  Just as in the case at bar, PFS' attorney in that lawsuit was William A. Adams.  (Adams Decl., ¶ 8)   And

NORTON MOORE & ADAMS LLP
525 B Street, Suite 1500
San Diego, California 92101
Ph: (619) 233-8200
Fax: (619) 231-7595

Def. PFS' Mem. Points/Authorities Supporting Motion (1) For Partial or Complete Stay of Discovery; and (2) For Stay of Motions Related to Plaintiff's Purported Entitlement to Injunctive Relief Under the ADA (10-CV-0364-WQH-AJB)

- 5 -

NORTON MOORE & ADAMS LLP
525 B Street, Suite 1500
San Diego, California 92101
Ph:   (619) 233-8200
Fax:   (619) 231-7595

1    just as in the case at bar, Lynn Hubbard, III served as the plaintiff's attorney.  (Adams Decl., ¶

2    9)

3         Immediately after being served with the *Wilson* lawsuit, PFS began a remodeling project

4    that culminated in an agreement among the parties that the McDonald's restaurant that was the

5    subject of that lawsuit was fully compliant with the ADA. (Adams Decl., ¶ 10)

6         In that lawsuit Plaintiff Wilson filed two motions for summary judgment.  He withdrew

7    the first such motion after PFS' attorney, William A. Adams, demanded that the motion be

8    withdrawn, given that the then-ongoing construction at the subject McDonald's restaurant

9    demonstrated that Plaintiff Wilson's motion was inaccurate.  Plaintiff Wilson then filed a

10   second, narrowed motion for summary judgment.  When PFS' opposition to that motion

11   demonstrated the inaccuracy of Wilson's motion, he withdrew it as well. (Adams Decl., ¶ 11)

12        After PFS remodeled the subject restaurant in the *Wilson* lawsuit to eliminate any

13   alleged barriers possibly violative of the ADA violations at its restaurant, this Court recognized

14   that there was no further need for injunctive relief against PFS under the ADA.  This Court

15   dismissed both the ADA claim *and* the entire lawsuit, refusing to continue to exercise pendent

16   jurisdiction over Plaintiff Wilson's state law claims.  (Adams Decl., ¶ 11-12; see Exh. 2, this

17   Court's docket in the *Wilson v. PFS, et al.* lawsuit, Docket Item Numbers 57-58, 80-81)

18        The same outcome is likely in the present lawsuit. Here, as in the *Wilson* lawsuit, once

19   PFS was served with the Complaint, it immediately promised the plaintiff it would take all

20   steps necessary to resolve any disputes concerning access, even though prior to being served

21   with this lawsuit, it had never received any complaints from anyone --- including Plaintiff

22   Kohler --- that the restaurant presented access barriers to the physically disabled.  (Schmid

23   Decl., ¶ 3).  PFS undertook a remodeling process that will result in a restaurant that is

24   indisputably in compliance with the ADA. PFS has already begun the remediation process.

25   PFS expects to complete the remodeling project at its Balboa Avenue McDonald's restaurant

26   within six months, or by April 1, 2011. (Adams Decl., ¶ 4; Exh. 1, Adams June 16, 2010 letter

27   to Hubbard, III; Schmid Decl., ¶ 3-6)

28

Def. PFS' Mem. Points/Authorities Supporting Motion (1) For Partial or Complete Stay of Discovery; and (2) For Stay of Motions Related to Plaintiff's Purported Entitlement to Injunctive Relief Under the ADA (10-CV-0364-WQH-AJB)

- 6 -

At that time --- that is, on or around April 1, 2011 --- there will be no need or cause for issuance of an injunction under the ADA ordering Defendants to make the Balboa Avenue McDonald's restaurant compliant with the ADA, because the restaurant will *already* be ADA-compliant. The issue of Plaintiff Kohler's entitlement to an injunction under the ADA will be moot.  Indeed, given that Plaintiff Kohler's only claim under federal law is his ADA count, on April 1, 2010 this Court may well consider "following" its decision in *Wilson*, by dismissing *both* Kohler's ADA claim *and* this entire lawsuit, if it chooses to no longer exercise pendent jurisdiction over Kohler's remaining state law claims.

Plaintiff Kohler's recalcitrance on this issue is difficult to understand.   On June 16, 2010 PFS' attorney sent a letter to Lynn Hubbard III, attorney for Plaintiff Chris Kohler. (Adams Decl., ¶ 4; See Exh. 1, June 16, 2010 letter from Adams to Hubbard III)   In that letter, PFS promised that it would immediately take action to ensure that it is indisputably in compliance with the ADA's anti-disability discrimination provisions.  (Adams Decl., ¶ 4; See Exh. 1, June 16, 2010 letter from Adams to Hubbard III) Plaintiff Kohler, through his attorney, Mr. Hubbard, III, acknowledged PFS' commitment at page 2, lines 4-5 of the parties' joint Early Neutral Evaluation Statement. (Adams Decl., ¶ 4; See Exh. 3, Joint Early Neutral Evaluation Conference Statement)

Moreover, PFS twice offered to stipulate to taking all action needed to ensure that its Balboa Avenue McDonald's restaurant was fully ADA-compliant, first in Mr. Adams' June 16, 2010 letter, then again at a July 1, 2010 Case Management Conference before the Honorable Magistrate Judge Battaglia.  (See Exh. 1, Adams June 16, 2010 letter; Adams Decl., ¶ 4) Twice, Plaintiff and his counsel have refused to so stipulate.  (Adams Decl., ¶ 4)

Regardless of what action this Court takes when PFS' remodeling project at its Balboa Avenue restaurant is complete on or about April 1, 2011, this Court should exercise its inherent right to control litigation before it by issuing a stay until April 1, 2011 of all discovery related in any way to Kohler's purported entitlement to injunctive relief under the ADA.  In the absence of such a stay, Plaintiff Kohler is likely to propound written discovery concerning, among other matters, the issue of PFS' financial status. Such discovery will necessarily be

NORTON MOORE & ADAMS LLP
525 B Street, Suite 1500
San Diego, California 92101
Ph:  (619) 233-8200
Fax:  (619) 231-7595

NORTON MOORE & ADAMS LLP
525 B Street, Suite 1500
San Diego, California 92101
Ph:    (619) 233-8200
Fax:   (619) 231-7595

1  intrusive and possibly violative of PFS' right of privacy, and will likely lead to discovery

2  disputes between the parties, motions to compel and/or for protective orders.  These disputes ---

3  and any resulting motions --- will be quite costly for the parties, and quite time-consuming for

4  both the parties and this Court to resolve.  By issuing the requested stay, this Court will ensure

5  judicial efficiency and avoid the unnecessary use of its judicial resources that would

6  accompany its consideration of discovery motions concerning an issue which, almost

7  assuredly, will be moot in six months.

8        Given PFS' undisputed, publicly-stated commitment to ensure that it will be undisputed

9  that the Balboa Avenue McDonald's will be fully compliant with the ADA by April 1, 2011,

10  there is no need for such discovery, or the motions that surely will result once such discovery is

11  propounded.   Instead, if this Court issues a stay (until April 1, 2011) of all discovery related in

12  any way to the issue of Plaintiff Kohler's entitlement to injunctive relief under the ADA, the

13  parties --- and this Court --- will be spared any unnecessary expense and/or use of their

14  resources litigating an issue that almost assuredly will be rendered moot by April 1, 2011.

15     **B.  In the alternative, this Court should issue an order declaring a complete stay until**
16     **April 1, 2011 on all discovery in this lawsuit.**

17        In the alternative, this Court may wish to issue an order staying all discovery whatsoever

18  in this lawsuit until April 1, 2011. Such an order would be highly appropriate if, when PFS

19  completes the remediation project at the Balboa Avenue McDonald's restaurant on or about

20  April 1, 2011, this Court may consider dismissing Plaintiff Kohler's ADA count as moot, and

21  in doing so, refuse to continue exercising pendent jurisdiction over Kohler's state law claims. In

22  that circumstance, as in the *Wilson v. PFS, et al.* case referenced above, this Court may choose

23  to dismiss this lawsuit in its entirety, leaving Plaintiff Kohler free to refile his remaining state

24  law claims, if he wishes, in state court.

25        Given the strong likelihood that as of April 1, 2011, Plaintiff Kohler's ADA claim will

26  be moot, and only his state law claims will remain viable, this Court should strongly consider

27  placing a stay on *all* discovery now, in anticipation of dismissing this lawsuit in its entirety on

28  or about April 1, 2011.

Def. PFS' Mem. Points/Authorities Supporting Motion (1) For Partial or Complete Stay of Discovery; and
(2) For Stay of Motions Related to Plaintiff's Purported Entitlement to Injunctive Relief Under the ADA (10-
CV-0364-WQH-AJB)

**- 8 -**

**C. This Court should issue an order barring Plaintiff Kohler from filing any dispositive motions concerning his purported entitlement to injunctive relief under the ADA until at least April 1, 2011.**

Despite the fact that PFS (a) has a history in ADA lawsuits before this Court of *voluntarily* taking all necessary steps to remodel its McDonald's restaurants to ensure that they are fully ADA-compliant, and (b) has promised in writing that it will immediately take all steps necessary to render it undisputed that its Balboa Avenue restaurant is fully ADA-compliant, PFS nonetheless fears that Plaintiff Kohler will file some sort of dispositive motion on his ADA claim in the near future. Any such motion – and any order of this Court granting that motion --- would be completely unnecessary, and would waste this Court's judicial resources.

As set forth in the sections above, PFS has *already* stated *in writing* that it has already begun taking all steps necessary to remodel the Balboa Avenue restaurant to ensure that it is indisputably barrier-free and fully ADA-compliant. When that remodeling project ends on or about April 1, 2011, Plaintiff Kohler's entitlement to *prospective* injunctive relief under the ADA will be eliminated and rendered moot.

Given PFS' decision to already, voluntarily take the very actions which any injunctive relief issued against it under the ADA would require it to take, there simply is no need for Plaintiff Kohler to unnecessarily increase the costs to the parties of litigating this lawsuit by filing a dispositive motion on his ADA claim. Similarly, there is no need or justification for Plaintiff Kohler to unnecessarily consume this Court's time by requiring it to analyze and rule on such a motion concerning the ADA claim that PFS' voluntary conduct is rendering moot. If this Court so requests, PFS will gladly provide it with periodic "progress reports" concerning the remodeling project at the Balboa Avenue restaurant, to reassure this Court that work on that project is progressing in a timely manner.

A dispositive motion filed by Plaintiff Kohler will not serve to expedite the remediation process already taking place at the Balboa Avenue McDonald's restaurant. Similarly, issuance of injunctive relief requiring PFS to take all necessary steps to ensure the subject McDonald's restaurant is barrier-free will not cause the remodeling process at that McDonald's restaurant to be completed any sooner. As it is, in the absence of any such motion by Plaintiff Kohler and/or

NORTON MOORE & ADAMS LLP
525 B Street, Suite 1500
San Diego, California 92101
Ph:  (619) 233-8200
Fax:  (619) 231-7595

NORTON MOORE & ADAMS LLP
525 B Street, Suite 1500
San Diego, California 92101
Ph:   (619) 233-8200
Fax:  (619) 231-7595

1   Order by this Court, PFS is moving as quickly as it can to resolve any issues as to whether its

2   Balboa Avenue McDonald's restaurant is fully-compliant with the ADA.

3        Regardless of whether this Court requests "progress reports" on the remodeling project

4   or not, this Court should maximize judicial efficiency by issuing an order precluding Plaintiff

5   Kohler from filing any completely unnecessary dispositive motions on the issue of his

6   entitlement to injunctive relief under the ADA until at least April 1, 2011. By that date, PFS

7   hopes to have completed all remodeling work on the Balboa Avenue restaurant.  It should be

8   completely undisputed that as of April 1, 2011 the Balboa Avenue McDonald's restaurant will

9   be fully ADA-compliant. As a result, as of that date any issues concerning the viability of

10  Plaintiff Kohler's ADA claim will have been rendered moot.

### CONCLUSION

12       For all the foregoing reasons, Defendant PFS, LLC respectfully requests that this Court

13  issue an order (1) staying all discovery related in any way to the issue of Plaintiff Kohler's

14  entitlement to injunctive relief under the ADA until April 1, 2011, or in the alternative, staying

15  all discovery in this lawsuit until April 1, 2011; and (2) barring Plaintiff Kohler from filing any

16  dispositive motions concerning his entitlement to injunctive relief under the ADA until April 1,

17  2011.

19  Date:  September 10, 2010                 **NORTON, MOORE, & ADAMS, LLP**

22                                   By: s/William A. Adams
23                                       William A. Adams
                                         Attorneys for Defendant
24                                       PFS, LLC dba McDonald's #13410

---