NORTON MOORE & ADAMS L.L.P.
William A. Adams, Esq. CSBN. 135035
525 B Street, Suite 1500
San Diego, California 92101
(619) 233-8200
wadams@nmalawfirm.com

Attorney for Defendant:
PFS, LLC dba McDONALD'S #13410

**IN THE UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRIS KOHLER,<br><br>           Plaintiff,<br><br>     v.<br><br>PFS, LLC dba McDONALD'S # 13410;<br>McDONALD'S CORP.,<br><br>           Defendants. | **Case No. 10 CV 0364 WQH AJB**<br><br>**Complaint Filed:    February 16, 2010**<br><br>**DECLARATION OF WILLIAM A ADAMS IN SUPPORT OF DEFENDANT PFS, LLC dba McDONALD'S # 13410'S MOTION FOR ISSUANCE OF AN ORDER (1) DECLARING A PARTIAL OR COMPLETE STAY AS TO DISCOVERY RELATED IN ANY WAY TO INJUNCTIVE RELIEF AVAILABLE TO PLAINTIFF ARISING FROM VIOLATION OF THE AMERICANS WITH DISABILITIES ACT; AND (2) DECLARING A COMPLETE STAY AS TO MOTIONS RELATED IN ANY WAY TO INJUNCTIVE RELIEF AVAILABLE TO PLAINTIFF ARISING FROM VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**<br><br>Judge:   Hon. William Q. Hayes<br>Courtroom: 4<br>Time:    11:00 a.m.<br>Date:    Oct. 18, 2010<br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

I, WILLIAM A. ADAMS, hereby declare as follows:

1. I am a competent adult over the age of 18. I know the following to be true of my own

Adams Declaration in Support of Def. PFS' Motion (1) For Partial or Complete Stay of Discovery; and (2) For Stay of Motions Related to Plaintiff's Purported Entitlement to Injunctive Relief Under the ADA (10-CV-0364-WQH-AJB)

- 1 -

personal knowledge. If called upon to do so, I could and would testify competently to the following under oath in a court of law.

2. I am the attorney of record for Defendant PFS, LLC in the above-captioned lawsuit.

3. I was also the attorney for Defendant PFS, LLC in Wilson v. PFS, et al, 3:06cv01046 WQH (BLM).

4. Attached to PFS' Notice of Lodgment of Exhibits as Exhibit 1 is a true and correct copy of a letter dated June 16, 2010 from me in my capacity as the attorney for PFS in this lawsuit, to Lynn Hubbard III, attorney for Plaintiff Chris Kohler. In that letter, PFS (through me, its attorney in this lawsuit) promised that it would immediately take action to ensure that it is indisputably in compliance with the ADA's anti-disability discrimination provisions.  Plaintiff Kohler, through his attorney, Mr. Hubbard, III, acknowledged PFS' commitment at page 2, lines 4-5 of the parties' joint Early Neutral Evaluation Statement, a true and correct copy of which is attached to the Notice of Lodgment as Exhibit 3.  Moreover, PFS (through me, its attorney in this lawsuit) offered to stipulate to taking all action needed to ensure that its Balboa Avenue McDonald's restaurant was fully ADA-compliant in my letter to Mr. Hubbard, III of June 16, 2010 (see Exhibit 1, June 16, 2010 letter from Mr. Adams to Mr. Hubbard, III).  Mr. Hubbard and Plaintiff Kohler refused to so stipulate.  I repeated PFS' same offer to stipulate that the subject McDonald's restaurant would be remodeled to ensure it was fully ADA-compliant at a July 1, 2010 Case Management Conference before the Honorable Magistrate Judge Battaglia, but Plaintiff and his counsel again refused that offer of stipulation.

5. This Court may recall a previous Americans with Disabilities Act ("ADA") lawsuit involving PFS. That lawsuit was entitled *Wilson v. PFS, LLC, et al.*, Case #3:06-cv-01046-WQH-BLM.

6. In that lawsuit, Plaintiff Wilson sued PFS and the McDonald's Corporation for its alleged violation of the ADA, the California Disabled Persons Act, and the California Unruh Act at a different McDonald's restaurant in San Diego.

7. Just as in the case at bar, PFS was the Defendant in that lawsuit, and the operator of the subject McDonald's restaurant.

8. Just as in the case at bar, I served as PFS' attorney in that lawsuit.

9. Just as in the case at bar, Lynn Hubbard, III was that plaintiff's attorney.

10. Immediately after being served with the Complaint in the *Wilson* lawsuit, PFS began a remodeling project that culminated in it being undisputed that the McDonald's restaurant that was the subject of that lawsuit was fully compliant with the ADA's anti-disability discrimination provisions.

11. The Wilson lawsuit, filed on May 11, 2006, was terminated when this Court granted PFS' motion for summary adjudication of the ADA claim. In doing so, this Court recognized that after the remodeling project at the McDonald's restaurant was complete, the ADA claim was moot. More specifically, in that lawsuit Plaintiff Wilson filed two motions for summary judgment. He withdrew the first such motion after I demanded that the motion be withdrawn, given that then-ongoing construction at the McDonald's restaurant that was the subject of that litigation demonstrated that Plaintiff Wilson's motion was inaccurate. Plaintiff Wilson then filed a second, narrowed motion for summary judgment. When PFS' opposition to that motion demonstrated the inaccuracy of Wilson's motion, he withdrew it.

12. This Court then dismissed Plaintiff Wilson's ADA claim (as moot) and the entire lawsuit, refusing to continue to exercise pendant jurisdiction over Wilson's state law claims. This Court's dismissal was filed on August 22, 2007. A true and correct copy of this Court's docket from the Wilson lawsuit is attached to PFS' Notice of Lodgment of Exhibits as Exhibit 2.

I swear under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Signed this 10th day of September, 2010 in San Diego, California.

                                            s/William A. Adams
                                            William A. Adams