1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| CHRIS KOHLER, | CASE NO. 10cv364-WQH-AJB |
| Plaintiff, | ORDER |
| vs. | |
| PFS, LLC dba McDONALD'S #13410; McDONALD'S CORP., | |
| Defendants. | |

HAYES, Judge:

        The matter before the Court is the Motion for Issuance of an Order (1) Declaring a Partial or Complete Stay as to Discovery Related in Any Way to Injunctive Relief Available to Plaintiff Arising from Violation of the Americans with Disabilities Act; and (2) Declaring a Complete Stay as to Motions Related in Any Way to Injunctive Relief Available to Plaintiff Arising from Violation of the Americans with Disabilities Act ("Motion for Stay"), filed by Defendant PFS, LLC dba McDonald's #13410 ("PFS").  (ECF No. 17).

BACKGROUND

        On February 16, 2010, Plaintiff initiated this action by filing the Complaint.  (ECF No. 1).  Plaintiff alleges that he is physically disabled and encountered barriers when visiting a restaurant owned and/or operated by Defendants.  Plaintiff asserts four claims in the Complaint: (1) violation of the Americans With Disabilities Act of 1990; (2) violation of the California Disabled Persons Act; (3) violation of the California Unruh Civil Rights Act; and (4) violation of the California Health & Safety Code.

1    On July 2, 2010, the Magistrate Judge issued a Scheduling Order following a Case

2    Management Conference.  (ECF No. 16).

3    On September 10, 2010, PFS filed the Motion for Stay.  (ECF No. 17).  PFS contends:

4       Monetary damages are not available to Plaintiff Kohler under the ADA.
        Instead, the only relief available under the ADA is injunctive relief....  PFS has
5       already begun remodeling the subject McDonald's restaurant.  When that
        remodeling project is finished, on or about April 1, 2011, it should be undisputed
6       that the subject restaurant will be fully accessible to the disabled and fully
        compliant with the anti-discrimination provisions in the ADA....  At that time,
7       this Court may choose, if it wishes, to dismiss Plaintiff Kohler's ADA claim,
        refuse to continue exercising pendent jurisdiction over his remaining state law
8       claims, and order this entire lawsuit dismissed....

9       Because of the likelihood that Plaintiff Kohler's ADA claim will be moot
        by April 1, 2011, it makes no sense to allow him to propound any discovery
10      specific to the issue of injunctive relief under the ADA.  Therefore, this Court
        should exercise its inherent right to control litigation before it to maximize
11      judicial efficiency and minimize unnecessary use of judicial resources by issuing
        an order partially staying all discovery related in any way to injunctive relief
12      available to Plaintiff Kohler for any purported violations by Defendants of the
        ADA....

13      In the alternative, ... this Court can and should issue an order now
14      completely staying all discovery in this lawsuit until April 1, 2011....

15      Finally, PFS anticipates that Plaintiff Kohler may file a motion for
        summary judgment/adjudication as to his ADA claim within the next six months
16      in order to obtain a permanent injunction against PFS.  Given the strong
        likelihood that by April 1, 2011 the remodeling of the McDonald's restaurant at
17      issue in this lawsuit will be complete, and the need for an injunctive order
        requiring PFS to take any further action to ensure that its restaurant is
18      barrier-free will be eliminated, this Court can and should issue a stay now
        barring any and all dispositive motions by Plaintiff Kohler requesting issuance
19      of such an injunction.

20   *Id*. at 2-3.

21   On October 4, 2010, Plaintiff filed an opposition to the Motion for Stay.  (ECF No. 18).

22   Plaintiff contends:

23      Implementing the proposed stay would result in undue prejudice to the plaintiff
        and increase the length of litigation....  Kohler would be prejudiced by not
24      having evidence of the restaurant's physical state before the remodel occurred.
        This evidence is not only critical to his state law damage claims, which are
25      predicated upon state and federal disabled access laws that were present during
        his visits, but establishes his standing to bring the original ADA claim in the first
26      place....  By staying litigation in general (discovery in particular) while the
        restaurant is remodeled, Kohler will be forced to watch helplessly as PFS
27      destroys the very evidence that he needs to establish his damage claims and the
        disputed ADA violations....

28   *Id*. at 3-4.  Plaintiff "request[s] that the court stay the defense from destroying evidence (i.e.,

1  remodeling its facility) until plaintiff's expert can conduct a Rule 34 site inspection." *Id.* at

2  5.

3        On October 8, 2010, PFS filed a reply brief.  (ECF No. 19).  PFS states that "PFS will

4  stipulate that even if the requested stays are granted by this Court, [Plaintiff's counsel] may,

5  upon agreement with PFS concerning an appointment time, immediately send an ADA

6  accessibility expert to the subject McDonald's for an inspection of the premises." *Id.* at 4.

7  RULING OF THE COURT

8        A scheduling order "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4).

9  In considering whether a party has shown good cause for modifying a scheduling order, a court

10  considers "the moving party's reasons for seeking modification," "the diligence of the party

11  seeking the amendment," and "the existence or degree of prejudice to the party opposing the

12  modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

13        After considering the submissions of the parties, the Court finds that, based upon the

14  current record, PFS has failed to show good cause for modifying or staying the Scheduling

15  Order.  Counsel are required to "promptly and in good faith meet and confer with regard to all

16  discovery disputes."  Scheduling Order ¶ 5, ECF No. 16; *see also* S.D. Cal. Civ. L.R. 26.1.a;

17  *cf.* 28 U.S.C. § 1927.  All motions to compel discovery are referred to the Magistrate Judge.

18  *See* S.D. Cal. Civ. L.R. 26.1.e.

19  CONCLUSION

20        IT IS HEREBY ORDERED that the Motion for Issuance of an Order (1) Declaring a

21  Partial or Complete Stay as to Discovery Related in Any Way to Injunctive Relief Available

22  to Plaintiff Arising from Violation of the Americans with Disabilities Act; and (2) Declaring

23  a Complete Stay as to Motions Related in Any Way to Injunctive Relief Available to Plaintiff

24  Arising from Violation of the Americans with Disabilities Act is DENIED.  (ECF No. 17).

25  DATED:  November 23, 2010

26   

27                         **WILLIAM Q. HAYES**
                       United States District Judge

28